UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JAIME MOISES AGUAIZA-PICHAZACA,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, IN HIS OFFICIAL CAPACITY AS ACTING BOSTON FIELD OFFICE DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID VENTURELLA, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and GREG HALE, IN HIS OFFICIAL CAPACITY AS WARDEN OF NORTHWEST STATE CORRECTIONAL FACILITY,<br><br>Respondents. | Case No. 2:26-cv-312 |

**ORDER TO SHOW CAUSE**

On September 3, 2026, Petitioner Jaime Moises Aguaiza-Pichazaca filed a petition for a writ of habeas corpus and complaint for declaratory and injunctive relief with respect to his present detention at Northwest State Correctional Facility in St. Albans, Vermont following his detention on August 27, 2026. Petitioner contends that on August 27, 2026, he arrested by Immigration and Customs Enforcement ("ICE") agents "during a traffic stop conducted by the agents themselves near a gas station in Canaan[, Vermont]." (Doc. 1 at 3, ¶ 6.)

Congress permits judicial review in habeas corpus proceedings of determinations made under Section 1225(b)(1), but only regarding the following issues:

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed under such section, and

> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2). When the court makes a determination under § 1252(e)(2)(B), its inquiry is limited to "whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). Courts may not review "whether the alien is actually inadmissible or entitled to any relief from removal." *Id.*

Petitioner asserts that he is a thirty-seven-year-old citizen of Ecuador. He claims that he has established residence in Lowell, Massachusetts since 2013, over thirteen years ago. In his Petition, he states that he entered the United States without admission in early April of 2013. Although he was arrested upon entry, he was later released on bond in late July of 2013. In May of 2013, he was assigned Alien Number A# 205-977-161 and placed in removal proceedings.

Pursuant to his 2013 bond, Petitioner was required to report "for constant check-ins at the ERO Boston Field Office[.]" (Doc. 1 at 2, ¶ 5.) He claims that he has not violated the terms of his release on bond. According to Petitioner, on May 24, 2024, the proceedings against him were fully dismissed by the Chelmsford Immigration Court. Accordingly, this court has jurisdiction to determine "whether such an order in fact was issued[.]" 8 U.S.C. § 1252(e)(5); *see Dugdale v. CBP*, 88 F. Supp. 3d 1, 7 (D.D.C. 2015) (finding court had jurisdiction under 8 U.S.C. § 1252(e)(2)(B) to determine whether an order of removal was issued when it lacked a CBP supervisor's signature).

Pursuant to 28 U.S.C. § 2243, a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

Respondents are hereby ORDERED TO SHOW CAUSE on or before September 16, 2026 why a writ of habeas corpus should not be granted to determine whether

Petitioner "was ordered removed under [8 U.S.C. § 1225(b)(1).]" 8 U.S.C. § 1252(e)(2)(B). The scope of this inquiry is limited. *See Wei Chen v. Napolitano*, 2012 WL 5458064, at *3 (S.D.N.Y. Nov. 8. 2012) (noting that statutory language "unambiguously bars 'review of whether the alien is actually inadmissible or entitled to any relief from removal'") (quoting 8 U.S.C. § 1252(e)(5)). Petitioner may file a reply on or before September 21, 2026. The court may schedule a hearing promptly thereafter depending upon the parties' briefing.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of September 2026.

/s/ *Christina Reiss*

Christina Reiss, Chief Judge
United States District Court