U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 24 P 4: 04

CLERK
BY ______ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JAIME MOISES AGUAIZA-PICHAZACA,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, in his official capacity as Acting Director of Boston Field Office, U.S. Immigration and Custom Enforcement; DAVID VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; and GREG HALE, in his official capacity as Warden of Northwest State Correctional Center,<br><br>Respondents. | ) | Case No. 2:26-cv-000312-cr |

**OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**
(Doc. 1)

On September 3, 2026, Jaime Moises Aguaiza-Pichazaca ("Petitioner") filed a petition for writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2241 in the District of Vermont. Named as respondents are David Wesling, in his official capacity as Acting Director of the Boston Field Office of U.S. Immigration and Customs Enforcement ("ICE"); David Venturella, in his official capacity as Acting Director of ICE; Markwayne Mullin, in his official capacity as Secretary of the United States Department of Homeland Security ("DHS") (collectively, "Federal Respondents"); and

Greg Hale, in his official capacity as Warden of Northwest State Correctional Center (collectively, "Respondents").

On September 3, 2026, the court ordered Respondents to show cause on or before September 16, 2026, as to why the Petition should not be granted pursuant to 28 U.S.C. § 2243. (Doc. 2.) On September 16, 2026, Federal Respondents responded to the show cause order, conceding that pursuant to controlling Second Circuit precedent Petitioner is entitled to a bond hearing but preserving their challenge to that precedent. (Doc. 8.)

Petitioner is represented by Stephen A. Lagana, Esq. and Kristin J.E. Connors, Esq. Federal Respondents are represented by Assistant United States Attorney Kaitlin E. Hazard. Greg Hale is represented by Debbie H. Stevens, Esq.

## I. Factual and Procedural Background.

Petitioner is an Ecuadorian national who entered the United States in early April 2013. Petitioner entered without inspection and was taken into custody at that time. (Doc. 1 at 2.) Petitioner was placed in removal proceedings in May 2013 and was later released on bond in July 2013. *Id.* On May 24, 2024, Petitioner's removal proceedings were dismissed without prejudice. (Doc. 8-1 at 1.) Petitioner is a resident of Massachusetts and has presented himself at the ICE Boston Field Office in accordance with his 2013 bond conditions. (Doc. 1 at 2.)

On August 27, 2026, Petitioner was arrested and detained by ICE during a traffic stop at a gas station in Canaan, Vermont. *Id.* at 3. Petitioner was served with a Form I-862 Notice to Appear and a Form I-200 arrest warrant on August 28, 2026. (Doc. 8-2); (Doc. 8-3.) Petitioner is currently detained at Northwest State Correctional Facility in St. Albans, Vermont. (Doc. 1 at 6.)

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a),

(c)(3)). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention[.]" *Kapoor v. DeMarco*, 132 F.4th 595, 610 (2d Cir. 2025) (quoting *INS v. St. Cyr*, 533 U.S. 289, 301 (2001)) (internal quotation marks omitted).

**B. Whether Petitioner's Detention is Governed by 8 U.S.C. § 1226(a).**

Petitioner claims that he is detained pursuant to 8 U.S.C. § 1226(a). Federal Respondents contend Petitioner is detained under § 1225(b) but acknowledge the Second Circuit's binding precedent in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) to the contrary.

8 U.S.C. § 1225(a), also known as Immigration and Nationality Act ("INA") § 235(a), provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Applicants for admission "fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

Section 1225(b)(1) applies to noncitizens "who [are] arriving in the United States" or otherwise "designated by the Attorney General." 8 U.S.C. §§ 1225(b)(1)(A)(i), (b)(1)(A)(iii)(I). An "[a]rriving alien" is "an applicant for admission coming or attempting to come into the United States at a port-of-entry[.]" 8 C.F.R. § 1.2. Section 1225(b)(2) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" 8 U.S.C. § 1225(b)(2)(A).

"'[A]pplicant for admission' is defined by statute to mean any noncitizen who is present in the United States and has not been admitted, or is arriving in the United States." *Barbosa da Cunha*, 175 F.4th at 74. Because Petitioner is present in the United States and has not been admitted, he is an applicant for admission.

Section 1225(b) "authorizes the [g]overnment to detain certain aliens *seeking admission* into the country[.]" In contrast, Section 1226 "authorizes the [g]overnment to detain certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289 (emphasis supplied). Section 1226(a)

establishes a discretionary detention framework for noncitizens arrested and detained "[o]n a warrant issued by the Attorney General[.]" 8 U.S.C. § 1226(a). Pending the removal decision, the Attorney General may: (1) "continue to detain the arrested alien"; (2) "release the alien on . . . bond"; or (3) "release the alien on . . . conditional parole[.]" *Id.* at §§ 1226(a)(1)-(2). "Critically, under 8 C.F.R. § 1236.1(d)(1), a noncitizen detained under § 1226 may appeal an 'initial custody determination,' including the setting of bond, to an immigration judge." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025).

On September 5, 2025, the Board of Immigration Appeals ("BIA"), in *Matter of Yajure Hurtado*, ruled that § 1225 applies its mandatory detention scheme to "all applicants for admission, even those . . . who have entered without admission or inspection and have been residing in the United States for years without lawful status[.]" 29 I. & N. Dec. 216, 220 (BIA 2025). In *Barbosa da Cunha*, the Second Circuit rejected the BIA's interpretation of § 1225(b) as inconsistent with the text's plain meaning; its statutory context, structure, history, and purpose; as well as inconsistent with Supreme Court precedent, Executive practice, and Congressional acquiescence. The Second Circuit held that 8 U.S.C. § 1225(b)(2) "applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization." *Barbosa da Cunha*, 175 F.4th at 74. Stated differently, the mandatory detention scheme of § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission[] and who were not apprehended while entering the country or shortly thereafter." *Id.* at 69. Instead, the Second Circuit held that "Section 1226(a) governs detention of [such] noncitizens[.]" *Id.*

Petitioner, like the noncitizen in *Barbosa da Cunha*, was detained after living in the United States for over a decade. *Id.* at 81; (Doc. 1 at 2.) Thus, "[s]ection 1226(a) plainly applies" to Petitioner, who is "present in the United States, but charged as inadmissible for entering the country without inspection and admission." *Barbosa da Cunha*, 175 F.4th at 73; *see* Doc. 8-2 at 1 (charging Petitioner with inadmissibility for

being present in the United States without being admitted or paroled). Federal Respondents concede that *Barbosa da Cunha* controls this case and state that

> § 1225(b)(2) does not apply to noncitizens who, like Petitioner, "are present in the United States after entering the country without inspection or admission, and who were not apprehended while entering the country or shortly thereafter," and that, under such circumstances, § 1226(a) governs and entitles the detainee to a bond hearing.

(Doc. 8 at 1) (quoting *Barbosa da Cunha*, 175 F.4th at 69) (internal citations omitted).

Because Petitioner is detained pursuant to § 1226(a), the court GRANTS his Petition for Habeas Corpus, (Doc. 1), to the extent it seeks a bond hearing.[1] *See Barbosa da Cunha*, 175 F.4th at 96 (affirming district court's order of a bond hearing by an immigration judge); *Guzman Garcia v. Weslin*, 2026 WL 1229146, at *1-2 (D. Vt. May 5, 2026) (ordering a bond hearing before an immigration judge after determining petitioner was detained under § 1226(a), following *Barbosa da Cunha*); *De Souza Ribeiro v. Turek*, 825 F. Supp. 3d 413, 428 (D. Vt. 2026) (concluding petitioner was detained under 1226(a) and ordering a bond hearing before and immigration judge); *De Luis v. Trump*, 2025 WL 3763397, at *8 (D. Vt. Dec. 30, 2025) (finding petitioner was detained under 1226(a) and ordering a bond hearing before an immigration judge).

Petitioner's request for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA") is untimely because final judgment has not been entered. In addition, he produces no factual basis for his request and no affidavit or invoice to support it. Accordingly, the court DENIES WITHOUT PREJUDICE Petitioner's request for an award of attorney's fees and costs. *Joell v. Wormuth*, 2025 WL 2775915, at *7 (N.D.N.Y. Sept. 30, 2025) ("[S]ince no final judgment has been entered, plaintiff's application for EAJA fees is premature. Accordingly, the [c]ourt denies without prejudice [p]laintiff's request[.]") (internal quotation marks and internal citation omitted).

---

[1] Because this case is resolved on statutory grounds, the court declines to reach Petitioner's constitutional claim. *See Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 134 (2d Cir. 2020) ("It is axiomatic that the federal courts should, where possible, avoid reaching constitutional questions.") (quoting *Allstate Ins. Co. v. Serio*, 261 F.3d 143, 149-50 (2d Cir. 2001)).

## CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus is GRANTED IN PART and DENIED IN PART. (Doc. 1.) The Federal Respondents are hereby ORDERED to provide Mr. Aguaiza-Pichazaca with a bond hearing before an immigration judge within fourteen (14) days of this Opinion and Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 24th day of September, 2026.

Christina Reiss, Chief Judge
United States District Court